C. A. ROBERTSON, Respondent, v. WESTERN UNION TELEGRAPH COMPANY, Appellant.

Springfield Court of Appeals, December 31, 1914.

1. **EVIDENCE: Invited Error.** Defendant will not be heard to complain of the admission of evidence which is erroneous, where he himself has invited the injection thereof into the case.

2. **TELEGRAPHS AND TELEPHONES: Neglect in Transmitting Messages: Statutory Provisions Concerning.** Legislation imposing a penalty on telegraph and telephone companies for neglect to promptly transmit messages traced through different statutory provisions and revisions. (R. S. 1865, pp. 349, 350; R. S. 1879, sections 883, 885; R. S. 1889, secs. 2725, 1827; R. S

1899, secs. 1255, 1257; Laws 1907, pp. 188, 189; R. S. 1909, secs. 3330, 3332.)

3. ————: Delay in Transmitting Messages: Defenses. A telegraph company, sued under the provisions of sec. 3330, R. S. 1909, for delay in transmitting a message, may defend under sec. 3332, R. S. 1909, because its wires were out of order; but to avail itself of such defense it must also show that plaintiff was notified of said fact as required by Sec. 3332, R. S. 1909. (FARRINGTON, J., Dissenting.)

Appeal from Dunklin County Circuit Court.—*Hon. W. S. C. Walker,* Judge.

AFFIRMED.

*Geo. H. Fearons, Wammack & Welborn* for appellant.

(1) Section 3330, Revised Statutes 1909, is penal in its nature and must be strictly construed and applies only to such cases as come clearly within its provisions. Connell v. Tel. Co., 108 Mo. 459; Cowan v. Tel. Co., 149 Mo. App. 407. (2) A party is entitled to recovery only upon the cause of actions stated in his petition. Sedalia Gas Light Co. v. Mercer, 48 Mo. App. 644; Jacquin v. Grand Ave. Cable Co., 57 Mo. App. 331; Gurley v. Railroad, 93 Mo. 445; Hunter v. Railroad, 147 Mo. App. 28; Milliken v. Commission Co., 202 Mo. 637.

*E. R. Lentz* for respondent.

Sections 3330, 3331 and 3332 are all *in pari materia* and relate to the same subject-matter and must all be read and construed together. The defendant offered evidence under this section of the statute to show that the line of the defendant's company were not in working order at the time that the message was delivered. It also asked an instruction upon that question, thus bringing into the case by its own action, the provisions

of section 3332. And having introduced evidence and requested and obtained an instruction under that section, the defendant is certainly in no position to object to an instruction given on behalf of the plaintiff upon the same subject-matter. R. S. 1899, secs. 3330, 3331, and 3332; Smith v. The Telegraph Company, 57 Mo. App. 259; Pollard v. Telegraph Company, 114 Mo. App. 533.

ROBERTSON, P. J.—Plaintiff obtained a judgment in the circuit court and defendant has appealed. The action originated in Butler county and was taken on a change of venue to Dunklin county. The petition, so far as is necessary to note here, alleges that plaintiff about two o'clock on October 24, 1912, delivered to the agent of the defendant at its office at Puxico, this State, a message to be transmitted and delivered to John Mann care of Riverview Hotel, Cape Girardeau and that he paid the agent the fee for transmitting and delivering the message; that defendant carelessly and negligently failed to transmit and deliver the said message promptly, in good faith and with impartialty to said John Mann or to said hotel until about eight o'clock p. m. of that day. The prayer of the petition is for the recovery of the penalty provided for in section 3330, Revised Statutes 1909. The answer is a general denial. That the plaintiff delivered the telegram and paid the charges as alleged is not contradicted. It is also admitted in defendant's brief that the message did not get to Cape Girardeau until 6:15 p. m. of the 24th and that it was not sent from Puxico until five minutes after six o'clock. Plaintiff with a number of other school teachers was traveling between Poplar Bluff and Cape Girardeau, their destination, on a special train. The train stopped a very short time at Puxico and at that point the plaintiff hurried off the train and went to the depot delivered the message, paid the charges, inquiring of the agent, as he

testifies, if he could "get it through right at once," to which the agent replied that he could and then plaintiff hurried back to the train which proceeded on its way. The telegram was to inform a party at the hotel the number of teachers on the train who would want accommodations there, arrangements having previously been made to hold rooms for this advice until four o'clock on the afternoon of that day. The testimony of the agent of the defendant at Puxico was that when the train was pulling in he started to go out and plaintiff met and handed the message inquiring what it would cost, to which the agent replied telling him the amount, which the plaintiff paid, and as plaintiff started to leave the agent told him that they had no wire, and that what he meant was that the wire was broken in two "and we couldn't work it until late that evening." When the agent went to work that morning he knew this line was out of order. He says that about six o'clock he sent the message by the way of Springfield. Why he did not send it earlier is not clear. It took only ten minutes to get it through that way. If there were wire troubles that way it is not shown when they existed or what they were. A line repairer of the defendant at Cape Girardeau testified that about half past eight o'clock on the morning of the 24th he received a notice of trouble between Puxico and Brownwood, that he left that afternoon at about two thirty on the first train and "found two poles blown down and the wire was laying across a barbed wire fence on the ground. It was six o'clock in the afternoon when I got the wires cleared up." This does not necessarily disclose that these conditions caused the trouble which the agent claimed prevented him from sending the message.

The plaintiff objected to the testimony as to the wire not being in working order for the alleged reason that it is an affirmative defense and could not be proved under a general denial. The objection was overruled.

The plaintiff's testimony to the effect that the agent did not tell him that the line was not in order was introduced only after the agent testified that he did tell him. The defendant treated this alleged compliance with the requirements of section 3332 as a defense to plaintiff's case. It got into the case, not only without objection on defendant's part, but as a direct result of its efforts in that behalf, and plaintiff had a right to meet that issue. If it was error to inject it into the case defendant invited it and cannot now be heard to complain. The only error alleged here is that of giving the following instruction in behalf of plaintiff, after an instruction had been given for plaintiff on the facts applicable to section 3330:

"The court instructs the jury that if the wires and lines of the defendant company were out of repair at the time the message in question was delivered to its manager at Puxico, it was then the duty of the said manager to plainly inform the plaintiff of that fact at the time the message was received by him, and if you believe and find that the said manager did not so plainly inform plaintiff of that fact then plaintiff is entitled to recover in this case notwithstanding the fact that the said wires were not in working order. And upon this proposition the burden is on the defendant to show that plaintiff was so informed."

The only theory on which defendant submits the case here is disclosed by its brief, after referring to this instruction, as follows: "We submit to the court, that this instruction simply entitled the plaintiff to recover upon one cause of action and under one section of the statute when his petition was founded upon another cause of action and another section of the statute." The brief then discloses that it is considered that the petition declares on section 3330 and the instructions allows a recovery under section 3332.

Assuming, for the purpose of this contention, that defendant had not waived its right to complain of this

instruction and to plaintiff's instruction above quoted we find that the first legislation on the subjects therein covered was in 1855 (Revised Statutes 1856, section 5, p. 1521). Other duties not necessary to notice were imposed by other sections at the inception of the legislation. As a matter of history it is interesting to read the opinion in Wann v. Western Union Telegraph Co., 37 Mo. 472, and the one in Reed v. the same company, 135 Mo. 661, 668 and 667, 37 S. W. 904. In the General Statutes of 1865, pp. 349 and 350, sections 9 and 11, we find these two sections as carried down to the present through the various revisions (Revised Statutes 1879, sections 883 and 885; Revised Statutes 1889, sections 2725 and 1827, and Revised Statutes 1899, sections 1255 and 1257), except that in 1907 (Laws 1907, pp. 188 and 189) what is now section 3330 was amended so as to make the penalty cover failure to *deliver* the message as well as failure to *transmit* it, and the amount of the penalty had been increased. The clear intent and purpose of this law, which prescribes but one penalty in the first section thereof, is to secure to the patrons of telegraph lines fair, prompt and impartial service. An action for a failure to comply with any of the provisions of these section has for its purpose, and its only purpose, the recovery of the penalty prescribed in section 3330. There is but one penalty prescribed, and under the facts in this case, whether plaintiff's or defendant's theory is correct, but one penalty can be recovered. If the theory of the defendant is correct a party who delivers a message to it without notice of any conditions preventing its prompt transmission must, before he sues for the penalty, ascertain if the defendant's line was in working order at the time; a thing that is peculiarly within the knowledge of the defendant and impossible of ascertainment in many instances, and in this one, by the plaintiff where no notice was given. If conditions exist at the time when the message is delivered to the company of which

it is not aware, then under some circumstances, it has been held that it is not liable under either of these sections. [Taylor v. Western Union Telegraph Co., 181 Mo. App. 288, 168 S .W. 895, 898.] When a telegraph company is sued for violating the provisions of section 3330 it can show, in defense, if so alleged in its answer, or if not and unobjected to by plaintiff, that its wires were out of order and that it so notified plaintiff as in section 3332 required, if it knew that fact. It cannot hide behind that section if it did not comply therewith. If the wire trouble is the cause of the delay then, under such a defense, the only question is that of notice by the defendant at the time the message was delivered to it. While these sections are highly penal and must be strictly construed they must have a reasonable interpretation and one that will not wholly defeat their object. If when a company is sued it can defeat an action under section 3330 by offering proof of a violation of section 3332 then plaintiff must, before he sues, do the likely impossible thing of ascertaining the cause of the delay. If when the message was tendered the conditions were such that the defendant could not promptly transmit it and the plaintiff was not notified of this fact, though the agent knew of the conditions, it may be argued with some plausibility that the defendant did not deliver the message "promptly, and with impartiality and good faith" as required by section 3330.

For the reasons urged here we hold that the trial court committed no error in giving this instruction, but we are not quoting it as a model, as we have not considered it otherwise than as above discussed and presented to us by appellant.

The judgment is affirmed.

*Sturgis, J.,* concurs. *Farrington, J.,* dissents for the reason that the petition seeks recovery solely on section 3330, Revised Statutes 1909, and the court gave an instruction authorizing a recovery under section

3332, Revised Statutes 1909. There being not one syllable in the pleadings which would justify a recovery under the last-mentioned section, the instruction of the court is to this extent broader than the pleadings, which is held to be reversible error in the case of Degonia v. Railroad, 224 Mo. l. c. 589, 123 S. W. 807. In his opinion the judgment should be reversed and the cause remanded.